# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ELIZABETH ELLIOTT**                                              **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:09CV-841-S**

**STATE AUTO INS. COMPANIES/**
**STATE AUTO PROPERTY & CASUALTY** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Elizabeth Elliott filed a *pro se* complaint (DN 23)[1] against State Auto Ins. Companies/State Auto Property & Casualty ("State Auto") and Matthew Steele, who was involved in the motor vehicle accident in question (DN 23). Plaintiff Elliott claims, "1) bodily damage liability 2) personal injury protection and . . . the policy of Matthew Steele. I proved 100% against Matthew Steele for failure to maintain proper following distances and failure to maintain control of his vehicle." She also alleges a bad-faith claim and seeks judgment in the amount of $2 million plus costs and interest.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604,

---

[1] The original complaint (DN 1) has been stricken by separate Order because it was filed by a layperson on behalf of Plaintiff Elliott. The complaint under review in this Memorandum Opinion (DN 23) was filed by Plaintiff Elliott on her own behalf.

606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

In the present case, Plaintiff Elliott fails to specify this Court's subject-matter jurisdiction. Despite this failure, "it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Thus, the Court will review the complaint to determine whether the facts are sufficient to invoke this Court's jurisdiction.

The federal-question statute, 28 U.S.C. § 1331, provides, that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff Elliott does not assert any civil action arising under the Constitution, laws, or treaties of the United States. She, therefore, does not invoke this Court's federal-question jurisdiction.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). While Plaintiff Elliott sufficiently pleads the amount in controversy, she fails to demonstrate diversity of citizenship. There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Here, in

Plaintiff Elliott's complaint, she provides Kentucky addresses for herself and each Defendant. Further, a police report attached to Defendant State Auto's motion to dismiss indicates that both Plaintiff Elliott and Defendant Steele live in Louisville, Kentucky. Plaintiff Elliott, therefore, fails to demonstrate diversity jurisdiction.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint (DN 23) reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court must dismiss the action.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff Elliott, *pro se*
 Counsel of record
4411.005